UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID R. GREEN,

                      Plaintiff,

                                                     DECISION AND ORDER

                                                     08-CV-6216L

                    v.

ROBIN UNWIN, Individually and in her
official capacity as Assistant District Attorney
for the County of Monroe, et al.,

                      Defendants.
_____

Plaintiff brings this action pursuant to 42 U.S.C. §§1983 and 1985, alleging that the defendants, Robin Unwin ("Unwin"), Toni Green ("Toni Green") and the County of Monroe (the "County"), violated his rights under the First, Fourth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution. The County and Unwin (Dkt. #18) and Toni Green (Dkt. #19) have separately moved to dismiss the Amended Complaint, on the grounds that plaintiff has failed to effect timely and proper service of the Amended Complaint, and/or to comply with prior orders of this Court concerning service of the Amended Complaint. Plaintiff has cross moved (Dkt. #24) to disqualify counsel for Unwin, alleging a conflict of interest. For the reasons set forth below, the defendants' motions are granted, plaintiff's motion to disqualify is denied as moot, and the complaint is dismissed in its entirety.

DISCUSSION

Familiarity with the procedural history of this matter, summarized here and involving the efforts of no fewer than five different judges, is presumed.

The case was initially dismissed *sua sponte* for failure to state a claim on August 1, 2008, by Order of Hon. Richard J. Arcara (Dkt. #3), without consideration of a then-pending motion by plaintiff to amend the complaint. Plaintiff appealed, and on June 27, 2011, the Second Circuit Court of Appeals reversed the dismissal of plaintiff's claims against Unwin and Toni Green, affirmed the dismissal of plaintiff's claims against the County, and remanded the matter for the purpose of granting plaintiff's motion to amend the complaint. (Dkt. #9). On July 19, 2011, the district court (Skretny, J.) ordered the matter reopened, and directed that forms be mailed to plaintiff whereby he could seek service of the Summons and Amended Complaint upon Unwin and Toni Green by the U.S. Marshal. (Dkt. #10). Plaintiff failed to return the forms or to otherwise effect service, and on November 21, 2011, the district court (Telesca, J.) ordered plaintiff to show good cause for his failure to timely serve the Amended Complaint, and warned that in the absence of good cause, the action would be dismissed with prejudice. (Dkt. #12).

Plaintiff responded, requesting additional time to serve the defendants, and making a passing reference to a "Second Amended Complaint" which he was engaged in preparing. (Dkt. #12). The Court granted plaintiff an additional 30 days within which to file the Amended Complaint, and thereafter to properly serve it. (Dkt. #13). A more detailed Order was entered January 19, 2012 (Siragusa, J.), which specified that the Amended Complaint (Dkt. #6) was the operative pleading in the action, granted plaintiff another extension of time to effect service, and explicitly warned plaintiff that if he failed to timely serve the Amended Complaint, "the action will be dismissed without prejudice." (Dkt. #14). Noting plaintiff's reference to a "Second Amended Complaint" in his response to the prior Order to Show Case, the January 19, 2012 Order further advised plaintiff that to the extent he was seeking to file a Second Amended Complaint, he would "need to file a motion requesting the Court's permission to do so." *Id*.

Rule 4(m) of the Federal Rules of Civil Procedure provides that if a "defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after

notice to the plaintiff – must dismiss the action without prejudice . . . [unless] the plaintiff shows good cause for the failure . . ." Fed. R. Civ. Proc. 4(m).

While "[i]gnorance of the law, even in the context of *pro se* litigants, does not constitute 'good cause' [under Rule 4(m)]," *Obot v. Citibank S.D., N.A.*, 2006 U.S. Dist. LEXIS 75260 at *8 (W.D.N.Y. 2006), the Court has an "obligation... to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). In deciding whether an extension is warranted even in the absence of good cause, a court considers such factors as: (1) whether the statute of limitations would bar the refiled action; (2) whether the defendant has attempted to conceal the defect in service; (3) whether the defendant had actual notice of the claims asserted in the complaint; and (4) whether the defendant would be prejudiced by the granting of additional time to plaintiff. *See Henderson v. United States*, 517 U.S. 654, 662 (1996); *Lumbermens Mut. Cas. Co. v. Dinow*, 2009 U.S. Dist. LEXIS 68658 at *10 (E.D.N.Y. 2009); *Vasquez v. Mill*, 2005 U.S. Dist. LEXIS 16381 at *7 (S.D.N.Y. 2005).

Upon review of these factors and given the prior history of this case, I conclude that an extension is not warranted here.

Initially, the relevant factors would seem to favor plaintiff. The applicable three-year statute of limitations for the complained-of acts, which took place between 2004 and 2006, has run. The defendants had actual notice of plaintiff's claims, commencing, at the very latest, with the initial filing of the proposed Amended Complaint on November 3, 2008 (Dkt. #6).

Nonetheless, there is no question that plaintiff has consistently and inexplicably failed to serve the Amended Complaint despite multiple opportunities to do so. Initially, plaintiff failed to respond to the order directing him to complete the summons, and if he wished, U.S. Marshal forms, so that the remaining defendants could be served with the Amended Complaint. (Dkt. #10). Then, after he was ordered to show cause why the case should not be dismissed and later granted additional time within which to effect filing and service of the Amended Complaint,

plaintiff again declined to serve the Amended Complaint. Instead, he unsuccessfully attempted to serve a timely Summons and Second Amended Complaint on the parties, without leave of court – a course of action that he had already been informed was improper. (Dkt. #22 at ¶18).[1]

Judge Siragusa's January 19, 2012 Order could not have been more clear. It informed plaintiff that the Amended Complaint (Dkt. #6) was the operative pleading which was required to be served on Unwin and Toni Green, and that the Second Amended Complaint should not be filed without a motion for leave of Court. It also granted plaintiff a second extension of time to serve the Amended Complaint, accompanied by a second warning that failure to effect timely service would result in dismissal of the action. (Dkt. #14).

Notwithstanding these instructions, plaintiff ignored the potential courses of action set forth by the Court and opted not to serve the Amended Complaint. In the nine months since the present motions to dismiss were filed, plaintiff has made no attempt to cure his failure to serve the Amended Complaint, nor has he requested an extension of time to do so. Plaintiff merely asks the Court to accept his Second Amended Complaint as properly filed and served, despite plaintiff's willful failure to obtain leave of court or to timely serve the Summons, all in deference to plaintiff's *pro se* status.

While the Court is sympathetic to the plaintiff's status as a *pro se* litigant, plaintiff's errors are manifestly not the result of any lack of legal training or dearth of opportunities to make amends. The plaintiff was informed – clearly, explicitly and in plain language – of his options for serving the Amended Complaint or moving for leave of Court to pursue a Second Amended Complaint, as well as of the consequences if he failed to comply. (Dkt. #14). Despite two

---

[1] Although plaintiff's response to the instant motions refers to the documents that were served on defendants as the Summons and "Amended Complaint," it is clear from plaintiff's alternative description of the Amended Complaint as the "2012 Amended Complaint" that what plaintiff actually served on defendants was the Second Amended Complaint, dated January 30, 2012 (Dkt. #16), and not the Amended Complaint, which was dated October 30, 2008 (Dkt. #6, #16). Plaintiff's account thus appears to corroborate defendants' contentions that they were served only with the Second Amended Complaint, and have never at any point been served with the Amended Complaint. (Dkt. #18-1 at ¶¶23-25, 30-31).

extensions of time, plaintiff appears to have chosen to ignore the Court's directives, at his own peril and with full knowledge of the result, and has failed to cure the defective service, even after the errors were identified. Under such circumstances, the plaintiff's *pro se* status cannot, by itself, provide good cause to excuse his noncompliance, or form a reasonable basis to compel the Court to exercise its discretion to grant an extension of time in the absence of good cause. *See e.g., West v. Arbogast*, 2010 U.S. Dist. LEXIS 132981 at *7 (E.D.N.Y. 2010) (inappropriate to grant an extension where plaintiff made no attempt to cure service defects identified in defendant's motion to dismiss and did not comply with court orders with respect to service). I therefore find that dismissal pursuant to Fed. R. Civ. Proc. 4(m) is appropriate.

CONCLUSION

For the foregoing reasons, I find that plaintiff has failed to show good cause for his failure to effect service of the Amended Complaint on the defendants. Defendants' motions to dismiss (Dkt. #18, #19) are granted, and the matter is dismissed without prejudice pursuant to Fed. R. Civ. Proc. 4(m). Because the Second Circuit affirmed the district court's initial dismissal of plaintiff's claims against the County, (Dkt. #3,#9) plaintiff's claims against the County are also dismissed on *res judicata* grounds, with prejudice. Plaintiff's motion to disqualify counsel for Unwin and the County (Dkt. #24) is denied as moot.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 5, 2012.