UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID R. GREEN,

                        Plaintiff,

                                                           DECISION AND ORDER

                                                           08-CV-6216L

            v.

ROBIN UNWIN,
Individually and in her official capacity as
Assistant District Attorney for the County of Monroe,
TONI GREEN, a/k/a Toni Herring,
THE COUNTY OF MONROE,

                        Defendants.
_____

      Plaintiff brought this action pursuant to 42 U.S.C. §§1983 and 1985, alleging that the defendants, Robin Unwin, Toni Green and the County of Monroe, violated his rights under the First, Fourth, Eighth, Ninth and Fourteenth Amendments to the United States Constitution.

      Familiarity with the procedural history of this matter and the Court's prior Decision and Order dismissing the action for failure to effect timely service of process on the defendants, dated and entered November 5, 2012 (Dkt. #28), is presumed.

      Plaintiff now moves for reconsideration of the Court's dismissal of the case, pursuant to Fed. R. Civ. Proc. 60(b). Specifically, plaintiff argues that he made typographical errors and misstatements which caused the Court to erroneously conclude that a document which plaintiff filed on January 30, 2012 (Dkt. #16) and served on the defendants on or about February 28, 2012 (Dkt. #21) was a "Second Amended Complaint" which had been improperly served without leave of court, and that plaintiff had failed to effect timely service of the operative pleading, his 2008 Amended Complaint (Dkt. #6).

Plaintiff contends that the document he served on the defendants in 2012 was, in fact, not a true Second Amended Complaint, but merely a copy of his 2008 Amended Complaint, which he happened to have amended following a decision by the Second Circuit Court of Appeals which partially reinstated claims previously dismissed by the district court. As plaintiff puts it, "[t]here never was a 'Second Amended Complaint.' I was referring to the original [Amended] complaint *[a]mended to conform to the Order of the Second Circuit*" . . . [that] Complaint which I had prepared per the Order of the Second Circuit . . . [was] filed and served on Toni Green and on Unwin on February 28, 2012." (Dkt. #30 at ¶5(j), (q) (emphasis added).

Regardless of whether the *pro se* plaintiff's lack of legal training lulled him into believing that the document he served on defendants in 2012 would be considered an "[Amended] Amended Complaint" and not a "Second Amended Complaint," there is no dispute that the document plaintiff claims to have prepared after the Second Circuit's June 24, 2011 mandate and then served on defendants on February 28, 2012 was not, and could not have been, the same 2008 "Amended Complaint" that had been deemed the operative complaint in the case by virtue of Hon. Charles Siragusa's Order of January 19, 2012. (Dkt. #14). Not only was it prepared (by plaintiff's own admission) after June 24, 2011, but it added three new causes of action which had not been asserted in the 2008 Amended Complaint. (Dkt. #6; #16; Dkt. #30 at ¶5(j), (q); #32 at ¶¶28, 29).

Judge Siragusa's Order not only specified that the 2008 Amended Complaint (Dkt. #6) was the operative pleading in the action, but explicitly warned plaintiff that to the extent he wished to file a Second Amended Complaint, he needed to seek leave of Court to do so. (Dkt. #14). In short, the 2008 Amended Complaint is what plaintiff was ordered to serve on the defendants. He failed to do so, after being warned in no uncertain terms that any attempt to serve another amended complaint would be rejected unless he first obtained leave of court.

Regardless of whether the 2012 Amended Complaint is referred to as the 2012 Amended Complaint, the Amended Amended Complaint, or the Second Amended Complaint, the fact that

plaintiff never served defendants with the operative complaint in the action – his 2008 Amended Complaint – remains undisputedly true.  As such, I find that the Court's November 5, 2012 Decision and Order to that effect contained no errors of fact or law.  Plaintiff's motion for reconsideration (Dkt. #30) is denied.

    IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      May 3, 2013.